# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| WHITNEY WASHINGTON and KEVIN WOMACK, on behalf of themselves and all other prisoners under the jurisdiction of the TDOC, | ) ) ) ) | |
| | ) | No. 2:20-cv-02334-JTF-dkv |
| Plaintiffs, | ) ) | |
| | ) | |
| v. | ) ) | |
| STANLEY DICKERSON, ET AL., | ) ) | |
| Defendants. | ) ) | |

## ORDER DIRECTING PLAINTIFFS TO:
## SIGN THEIR COMPLAINT (ECF NO. 1),
## COMPLY WITH 28 U.S.C. §§ 1915(a)(1)-(2) OR PAY THE $400 CIVIL FILING FEE, AND
## SIGN THEIR MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 3)

On May 5, 2020, plaintiff Whitney Washington (booking number 580208) and plaintiff Kevin Womack (booking number 463617), who are both incarcerated[1], filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 "on behalf of themselves and all other prisoners under the jurisdiction of the Tennessee Department of Correction." (ECF No. 1 at PageID 1.) In addition to asserting several claims under § 1983 (*id*. at PageID 2-8), the complaint seeks appointment of counsel "for the [P]laintiffs." (*Id*. at PageID 8.) Although Washington's and Womack's typed names are on the complaint, they failed to sign the document. (*Id*. at PageID 12.) Washington and Womack

---

[1]    Washington is incarcerated at Women's Therapeutic Residential Center of West Tennessee State Penitentiary in Henning, Tennessee. Womack is incarcerated at Moran County Correctional Complex in Wartburg, Tennessee. (*See* https://apps.tn.gov/foil-app/details.jsp; https://apps.tn.gov/foil-app/results.jsp.)

also neglected to submit either the $400 civil filing fee required by 28 U.S.C. §§ 1914(a)-(b) or an application to proceed *in forma pauperis*.

On May 5, 2020, Washington and Womack separately filed a motion for appointment of counsel, arguing that "Plaintiffs are inadequate to represent the interest of their fellow inmates in a class action." (ECF No. 3 at PageID 16.) Neither Washington nor Womack signed the motion. (*Id*. at PageID 17.)

## I.      ANALYSIS

### A.      The Complaint

*Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Pursuant to Fed. R. Civ. P. 11(a), "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's name — or by a party personally if the party is unrepresented by an attorney." Furthermore, "[n]o *pro se* plaintiff may sign pleadings on behalf of another plaintiff." *Powers v. U.S. Dep't of Labor,* No. 08–2755, 2012 WL 1076301, at *1 (W.D. Tenn. Mar. 29, 2012).

In this case, neither the complaint nor the motion for appointment of counsel are signed by either Washington or Womack. (ECF No. 1 at PageID 12; ECF No. 3 at PageID 17.)

Washington and Womack are **ORDERED**, within thirty (30) days of the date of entry of this order, to file a copy of the complaint and a copy of the motion for appointment of counsel bearing each of their manual signatures. Plaintiffs are reminded that all future documents filed in this case must be signed by both parties, as required by the Federal Rules of Civil Procedure.

### B.     The Filing Fee

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a).[2]  Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), partially overruled on other grounds by *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides a prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments.  *Id*. at 604.  However, in order to take advantage of the installment procedures, a prisoner must complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit and a certified copy of his inmate trust account statement for the last six months.  28 U.S.C. § 1915(a)(2).

Washington and Womack have not complied with any of these requirements.

Therefore, Plaintiffs are **ORDERED** to submit, within 30 days after the date of this order, either the entire $400 civil filing fee or a properly completed and executed application to proceed *in forma pauperis* and certified copies of their inmate trust account statement for the last six months.  The Clerk is directed to mail Plaintiffs a copy of the prisoner *in forma pauperis* affidavit form along with this order.  If Plaintiffs need additional time to submit any of the required documents, they may, within 30 days after the date of this order, file a motion for an extension of time.

If Plaintiffs timely submit the necessary documents and the Court finds that they are indeed indigent, the Court will grant leave to proceed *in forma pauperis* and assess only a $350 filing fee

---

[2]  The civil filing fee is $350.  *See* 28 U.S.C. § 1914(a).  The Schedule of Fees set out following the statute also requires the Clerk to collect an administrative fee of $50 for filing any civil case.  However, the additional $50 fee will not apply if Plaintiffs ultimately are granted leave to proceed *in forma pauperis*.

in accordance with the installment procedures of § 1915(b).  However, if Plaintiffs fail to comply

with this order in a timely manner, the Court will deny leave to proceed *in forma pauperis*, assess

the entire $400 filing fee from their inmate trust accounts without regard to the installment

procedures, and dismiss the action without further notice for failure to prosecute, pursuant to

Federal Rule of Civil Procedure 41(b).[3]  *See McGore*, 114 F.3d at 605.

## C.   Duty To Notify The Court

If Plaintiffs are transferred to a different prison or released, they are **ORDERED** to notify

the Court immediately, in writing, of their change of address.  *See Barber v. Runyon*, No. 93-6318,

1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [pro se plaintiff's] address changed, she had

an affirmative duty to supply the court with notice of any and all changes in her address").  Failure

to abide by this requirement may likewise result in the dismissal of this case without further notice,

for failure to prosecute.


**IT IS SO ORDERED**, this 21st day of July, 2020.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE

---

[3]  "Although Rule 41(b) does not expressly provide for a *sua sponte* dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a *sua sponte* order of dismissal under Rule 41(b)."  *Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)).  If one plaintiff complies with the order and the other does not, the action will be dismissed as to the non-complying party only.

4