# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| WHITNEY WASHINGTON and KEVIN WOMACK, on behalf of themselves and all other prisoners under the jurisdiction of the TDOC,<br><br>    Plaintiffs,<br><br>v.<br><br>STANLEY DICKERSON, ET AL.,<br><br>    Defendants. | No. 2:20-cv-02334-JTF-dkv |

**ORDER DIRECTING PLAINTIFFS TO SIGN & FILE THEIR COMPLAINT WITHIN FOURTEEN DAYS;
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS*; AND
DENYING APPLICATIONS FOR APPOINTMENT OF COUNSEL (ECF NOS. 1 & 3)**

On May 5, 2020, plaintiff Whitney Washington (booking number 580208) and plaintiff Kevin Womack (booking number 463617), who were both incarcerated at that time, submitted a *pro se* complaint pursuant to 42 U.S.C. § 1983 "on behalf of themselves and all other prisoners under the jurisdiction of the Tennessee Department of Correction." (ECF No. 1 at PageID 1.) In addition to asserting several claims under § 1983 (*id*. at PageID 2-8), the complaint sought appointment of counsel "for the [P]laintiffs." (*Id*. at PageID 8.) Although Washington's and Womack's typed names are on the complaint, they failed to sign the document. (*Id*. at PageID 12.) Washington and Womack also neglected to submit either the $400 civil filing fee required by 28 U.S.C. §§ 1914(a)-(b) or an application to proceed *in forma pauperis*.

On May 5, 2020, Washington and Womack separately filed a motion for appointment of counsel, arguing that "Plaintiffs are inadequate to represent the interest of their fellow inmates in a class action." (ECF No. 3 at PageID 16.) Neither Washington nor Womack signed the motion. (*Id*. at PageID 17.)

On July 21, 2020, the Court entered an order directing Plaintiffs to: sign their complaint; comply with 28 U.S.C. §§ 1915(a)(1)-(2) or pay the $400 civil filing fee; and sign their motion for appointment of counsel. (ECF No. 4 (the Order).) The Court also notified them: "[I]f Plaintiffs fail to comply with this order in a timely manner, the Court will deny leave to proceed *in forma pauperis*, assess the entire $400 filing fee from their inmate trust accounts without regard to the installment procedures, and dismiss the action without further notice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b)." (*Id*. at PageID 21.) The Order further reminded Plaintiffs of their duty to keep the Court informed of their address. (*Id*.)

On August 10, 2020, a copy of the Order that had been mailed to Plaintiffs was returned undeliverable as to Plaintiff Womack. (ECF No. 5.) The record thus suggests that Plaintiffs, at least with respect to Womack, have failed to comply with their address notification obligations.

Since the time of the Order, neither Plaintiff has submitted to the Court any of the following items: a signed complaint, *see* Fed. R. Civ. P. 11(a); an application to proceed *in forma pauperis* or payment of the $400 civil filing fee, *see* 28 U.S.C. §§ 1915(a)-(b) and 28 U.S.C. § 1914(a)[1]; a signed version of their motion for appointment of counsel; any notice of changes in their current address, *see Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994); or any applications to extend their time for compliance with the Order.

---

[1] *See also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997), partially overruled on other grounds by *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

Federal Rule of Civil Procedure 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

The Rule is "available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)) (internal quotation marks omitted).  *See also Wu v. T.W. Wang., Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 614–15 (6th Cir. 1998)).

The Court considers several factors to determine whether dismissal under Rule 41(b) is appropriate:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll*, 176 F.3d at 363.  Application of these factors to Plaintiffs' case would support dismissal under Rule 41(b).

Although the record does not indicate that Plaintiffs' failure to prosecute this case was borne of "willfulness, bad faith, or fault," *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367 (6th Cir. 1997), Plaintiffs have already been warned that failure to cooperate with the Order and to comply with the Federal Rules of Civil Procedure could lead to dismissal of their case.  The Order made that point very clear.

3

"Although Rule 41(b) does not expressly provide for a *sua sponte* dismissal … , it is well-settled that the district court can enter a *sua sponte* order of dismissal under Rule 41(b)." *Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)).  If one plaintiff complies with an order and the other does not, the action will be dismissed as to the non-complying party only.  Here, neither Washington nor Womack have complied with the Order or with the relevant Federal Rules of Civil Procedure.

Nevertheless, given Plaintiffs' *pro se* status, the Court will afford them one final opportunity to avoid dismissal of this case in its entirety.

Therefore, **WITHIN FOURTEEN (14) DAYS** of the date of this order, Plaintiff Washington and Plaintiff Womack **SHALL EACH**: (1) sign and file their complaint; and (2) comply with 28 U.S.C. §§ 1915(a)(1)-(2) or pay the $400 civil filing fee.  This order is the Court's final warning of this nature to Plaintiffs.  The Court advises them that, if they fail to timely comply with this order, the Court will summarily dismiss their case with prejudice in its entirety for the reasons discussed above.

Furthermore, the Court **DENIES** leave to proceed *in forma pauperis*, subject to Plaintiffs' right to submit an application for pauper status in the event this case proceeds.

The Court also **DENIES** Plaintiffs' applications for appointment of counsel (ECF Nos. 1 & 3), subject to Plaintiffs' right to re-submit such request in the future if this case goes forward.

The Clerk is directed to mail a copy of this order to Plaintiff Washington and to Plaintiff Womack at their last known addresses of record.[2]  In the event either mailed order is returned

---

[2] According to information available on the Tennessee Department of Correction website as of the date of this order (*see* https://apps.tn.gov/foil-app/search.jsp):  (1) Washington is incarcerated at the Women's Therapeutic Residential Center of West Tennessee State Penitentiary, at 480 Green Chapel Road in Henning, Tennessee, 38041-1150 (*see* https://www.tn.gov/correction/sp/state-prison-list/west-tennessee-state-penitentiary/women-s-

undeliverable, the Court shall dismiss with prejudice the respective Plaintiff's (or Plaintiffs', if applicable) claims for failure to notify the Court of his or her present address. *See Barber*, 1994 WL 163765, at *1.

**IT IS SO ORDERED**, this 8th day of October, 2020.

                                               *s/John T. Fowlkes, Jr.*
                                               JOHN T. FOWLKES, JR.
                                               UNITED STATES DISTRICT JUDGE

---

therapeutic-residential-center.html); and (2) Womack is incarcerated at Moran County Correctional Complex, at 541 Wayne Cotton Morgan Drive, in Wartburg, Tennessee, 37887. (*See* https://www.tn.gov/correction/sp/state-prison-list/morgan-county-correctional-complex.html.)